IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD H. FOREMAN, on behalf of himself and all other individuals similarly situated, : : : Plaintiffs, : : v. : : : FIRST DRIVE LOGISTICS, INC. : : -and- : : MONJED HUMEIDAN, : : Defendants. : | CASE NO. JUDGE MAGISTRATE JUDGE **JURY DEMANDED** |

# COMPLAINT

## I. INTRODUCTION

1. This is an action brought by Richard H. Foreman ("Named Plaintiff") against First Drive Logistics, Inc. and owner Monjed Humeidan (collectively "Defendants") Defendants are a single enterprise that does business under the name Frist Drive Logistics, Inc. in the southern central area of Ohio.

2. Named Plaintiff brings these federal claims against Defendants, who were his joint employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiff seeks Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3. Named Plaintiff brings these Ohio claims against Defendants, who were his joint employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and

1

other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, (the Ohio Wage Act and the OPPA will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60. Named Plaintiff brings his FLSA action on behalf of themselves and all similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Named Plaintiff brings his Ohio Wage Laws and O.R.C. § 2307.60 claims individually and one behalf of similarly situated Ohio employees who join this lawsuit.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States (the FLSA).

5. This Court has supplemental jurisdiction over Named Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located within this District and Division.

## III. THE PARTIES

### a. Plaintiffs

7. Richard H. Foreman ("Named Plaintiff") is an adult resident of Grove City, Ohio, residing at 3144 Townhouse Dr. Grove City, OH. Named Plaintiff was employed by Defendant as a delivery driver beginning on approximately November 14, 2024, and remains employed with Defendant as of the filing of this Complaint. His consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

8. The Putative Plaintiffs are all current and former hourly employees of Defendants at any time within the period of three (3) years preceding the commencement of this action, who

were not paid for all hours worked over forty (40) in a workweek at 150% their respective regular rates. ("Putative Plaintiffs")

      b. **Defendants**

9. Defendant First Drive Logistics, Inc. is a domestic corporation for profit licensed to do business in Ohio with its principal place of business at 1110 Watkins Rd. Columbus, OH 43207. Process may be served upon its Registered Agent, Monjed Humeidan at 2993 Hemlock Edge Dr. Hilliard, OH 43026.

10. Defendant Monjed Humeidan is an adult individual who does business throughout the state of Ohio and is an owner of Defendant First Drive Logistics, Inc. Process may be served at his residence at 2993 Hemlock Edge Dr. Hilliard, OH 43026.

11. Defendant First Drive Logistics, Inc. and Defendant Monjed Humeidan will collectively be referred to as "Defendants."

12. Defendants share a common location, 2993 Hemlock Edge Dr. Hilliard, OH 43026.

13. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

14. Defendants centrally control employment policies and practices for all of their employees.

15. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

16. Defendants share a common purpose of operating a bar and restaurant.

17. Defendants' enterprise acts through each of the Defendants.

18. Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiff and the Putative Plaintiffs.

19. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a).

20. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and Putative Plaintiffs within the meaning of the FLSA and Ohio Wage Laws.

## IV. STATEMENT OF FACTS

21. During all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA and the Ohio Wage Laws.

22. During all times material to this Complaint, Defendant jointly employed Named Plaintiff, and, upon information and belief, those similarly situated to him, within the meaning of the FLSA and the Ohio Wage Laws.

23. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

24. Defendants, according to their website, are an independently owned Amazon delivery service partner that delivers packages to homes and businesses of the south-central areas of Ohio.[1]

---

[1] *See* https://firstdriveohio.com/ accessed on 01/28/2025.

4

25. During all times material to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to him were Defendants' employees pursuant to the Ohio Wage Laws.

26. During all times material to this Complaint, Defendants hired Named Plaintiff and the Putative Plaintiffs to work for Defendants' benefit as delivery drivers and to drive Dodge Ram and Mercedes Sprinter Vans that weigh between 2,500 and 4,000 pounds.

27. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were not employed in a sales capacity nor did they receive commissions.

28. During all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs were paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.301 and thus were non-exempt employees entitled to be paid at least the minimum wage for all hours worked and overtime at 150% of their regular rate for all hours worked over forty (40) in a workweek.

29. At all times material to this Complaint, Named Plaintiff and the Putative Plaintiffs almost always worked over forty (40) hours in a workweek.

   a. **Defendants Failure to Compensate for Pre-Shift Work**

30. Defendants employ a companywide practice of not permitting Named Plaintiff and the Putative Plaintiffs to get paid for any work done before the start of their respective shifts.

31. However, the primary job duties assigned to Named Plaintiff and the Putative Plaintiffs often require them to arrive early—before the start of their respective shifts—to perform integral and indispensable tasks.

32. Defendants would record Named Plaintiff's and the Putative Plaintiffs' hours worked through a manual clock-in system, wherein the Named Plaintiff and the Putative Plaintiffs

would have to manually clock themselves in to work and clock themselves out at the end of their respective shifts.

33. At all times material to this Complaint, Defendants required Named Plaintiff and the Putative Plaintiffs to begin their shift by reporting to their immediate boss at approximately 9:15 a.m.

34. Afterwards, Named Plaintiff and the Putative Plaintiffs are required by Defendants to wait approximately five (5) to ten (10) minutes to receive the van they are assigned to drive for the day, along with the cellphone that displays their designated route for the shift.

35. At all times material to this Complaint, after receiving their vans, the Named Plaintiff and Putative Plaintiffs are required by Defendants to conduct an inspection using the assigned cellphone. Once the inspection is complete, they must load their vans with the deliveries for the shift. In many instances, before they can load their vans, the Named Plaintiff and Putative Plaintiffs must wait for the previous driver to finish unloading their load.

36. At all times material to this Complaint, after completing the preliminary steps described above, Named Plaintiff and the Putative Plaintiffs are then ready to begin driving their delivery vans. Oftentimes, this does not occur until between approximately 9:40 a.m. and 10:00 a.m.

37. At all times material to this Complaint, Defendants have maintained a policy and practice that prevents Named Plaintiff and Putative Plaintiffs from clocking in until they begin driving.

38. Indeed, at all times material to this Complaint, from the required arrival time of 9:15 a.m. until approximately 9:40 a.m. or 10:00 a.m. (before they begin driving), the Named Plaintiff and Putative Plaintiffs were required to perform integral and indispensable tasks, such as

6

loading their vans and preparing for their daily routes, without compensation from Defendants. This amounts to thirty (30) to forty-five (45) minutes of unpaid work each day.

39. At all times material to this Complaint, and upon information and belief, Defendants have manipulated the clock-in and clock-out reports for Named Plaintiff and Putative Plaintiffs to reflect the start time as the time that they begin to drive. This alteration of the records results in shorter reported hours and, consequently, less pay.

40. Upon information and belief, Defendant Monjed Humeidan is responsible for managing Named Plaintiff's and the Putative Plaintiffs' clocking in and out times. However, when Named Plaintiff and the Putative Plaintiffs inquire about the time missing from their paystubs, Defendant Monjed Humeidan refuses to allow them to speak with Defendants' payroll coordinator.

41. Upon information and belief, Defendants were aware that Named Plaintiff and the Putative Plaintiffs often, if not always, worked for thirty (30) to forty-five (45) minutes before the start of their shift and permitted this to occur.

    **b. Defendants' Meal Break Violation**

42. At all times material to this Complaint, Defendants maintain a policy and practice wherein fifty (50) minutes of time is deducted from Named Plaintiff's, and, upon information and belief, the Putative Plaintiffs' shifts to account for a one (1) hour meal break. ("Auto-deduct Policy").

43. However, Defendants automatically deducted fifty (50) minutes of time to each of Named Plaintiff's and the Putative Plaintiffs' shifts regardless of whether a meal break was actually taken.

44. Indeed, given the Defendant's high volume of deliveries and the timely demands of their respective jobs, Named Plaintiff, and upon information and belief, the Putative Plaintiffs, rarely, if ever, take an uninterrupted meal break at work.

7

45. When these deductions are added back into Named Plaintiff's, and upon information and belief, the Putative Plaintiffs' hours worked, they go uncompensated for overtime hours worked in violation of the FSLA and Ohio Wage Laws.

## V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b) ALLEGING FLSA VIOLATIONS

### A. FLSA COVERAGE

46. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

47. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of nationwide current and former employees at any of its locations defined as:

> **All current and former hourly delivery drivers who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action until present. ("**Employees Entitled to Notice")

48. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

49. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

50. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

51. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims

8

depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

52. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

54. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

55. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

56. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

57. Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendants' willful refusal to pay minimum wage for all hours worked.

58. As a result of Defendants' FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

59. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

60. Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

61. At all times material to this Complaint, Defendants regularly and jointly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

62. The Named Plaintiff and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

63. Defendants willfully failed to pay Named Plaintiff and the Employees Entitled to Notice members overtime pay at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek by failing to pay for the time Named Plaintiff and the Employees Entitled to Notice spent performing work prior to clocking in and during their auto-deducted meal breaks.

64. Defendants willfully failed to include income and non-discretionary bonuses given to employees in their regular rate when calculating overtime pay for Named Plaintiff and the Employees Entitled to Notice members.

65. Defendants willfully subjected Named Plaintiff and the Employees Entitled to Notice to a companywide policy that did not pay them at a rate of 150% their regular rate in violation of the FLSA.

66. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

67. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice did not drive vehicles over 10,001 lbs. in interstate commerce.

68. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

69. Defendants have also violated this provision through their policies of automatically deducting one (1) hour from Named Plaintiff's and the Employees' Entitled to Notice hours worked in a workday regardless of whether *bona fide* uninterrupted one (1) hour break was actually taken.

70. As such, Defendants have violated the FLSA by failing to pay Named Plaintiff and the Employees Entitled to Notice for all time worked in excess of forty (40) hours in a workweek at the correct overtime rate.

71. Named Plaintiff and the Employees Entitled to Notice employed by Defendants have worked over forty (40) hours in at least one workweek and were not paid at the appropriate one and one-half-times their regular rate.

72. Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

73. In violating the FLSA, Defendants have acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE OHIO WAGE ACT

74. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

75. Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice.

76. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; *see also* 29 U.S.C. § 206(b).

77. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

78. Named Plaintiff and the Employees Entitled to Notice are/were covered employees of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

79. Named Plaintiff and the Employees Entitled to Notice employed by Defendants have worked over forty (40) hours in at least one workweek and were not paid at the appropriate one and one-half-times their regular rate.

80. Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendants' violations of the Ohio Wage Act.

81. In violating the Ohio Wage Act, Defendants have acted willfully and with reckless disregard for clearly applicable Ohio Wage Act provisions.

82.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

83. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

84. Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice.

85. At all times relevant to this Complaint, Defendants were Named Plaintiff's and the Employees Entitled to Notices' joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

86. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

1. At all times material to this Complaint, Defendant has refused to pay Named Plaintiff and the Employees Entitled to Notice all owed overtime wages at one and one-half (1 ½) times their normal hourly rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

87. Named Plaintiff's and the Employees Entitled to Notices' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

88. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendant has otherwise exhibited a reckless disregard of the OPPA's provisions.

# COUNT IV
# CIVIL PENALITIES FOR CRIMINAL ACTS
# O.R.C. § 2307.60

89. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

90. Named Plaintiff asserts this claim on behalf of himself and the Employees Entitled to Notice.

91. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

92. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

93. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

2. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the Employees Entitled to Notice are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and the Employees Entitled to Notice, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiff, that the Court issue an

order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period;

   C.  Issuing proper notice to the Employees Entitled to Notice at Defendants' expense;

   D.  Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit;

   E.  A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Laws and the OPPA.

   F.  Awarding Named Plaintiff and the Employees Entitled to Notice the sum of 6% of the total unpaid wages or $200 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

   G.  A finding that the Defendants acted willfully and without a good faith basis for its violations of the FLSA and the Ohio Wage Laws;

   H.  Compensatory and punitive damages under O.R.C. § 2307.60;

   I.  Awarding pre-judgment and post-judgment interest;

   J.  An award of prejudgment and post-judgment interest;

   K.  An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and,

   L.  Any other relief to which the Named Plaintiff and the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: February 26, 2025          Respectfully submitted,

                */s/ Robert E. DeRose*
                Robert E. DeRose (OH Bar No. 0055214)
                Anna R. Caplan (OH Bar No. 0104562)
                **BARKAN MEIZLISH DEROSE COX, LLP**
                4200 Regent Street, Suite 210

                                        Columbus, OH 43219
                                        Phone: (614) 221-4221
                                        Facsimile: (614) 744-2300
                                        bderose@barkanmeizlish.com
                                        acaplan@barkanmeizlish.com

                                        *Attorneys for Plaintiffs.*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

                                        */s/ Robert E. DeRose*
                                        Robert E. DeRose